1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRYAN WILLIAMS,                          No.  2:25-cv-01996-DAD-CKD

12              Plaintiff,

13        v.                                  ORDER DENYING PLAINTIFF'S MOTION
                                              TO REMAND
14   SIERRA DONOR SERVICES, et al.,
                                              (Doc. No. 9)
15              Defendants.

16

17        This matter is before the court on plaintiff's motion to remand this action to the

18   Sacramento Superior Court.  (Doc. No. 9.)  The pending motion was taken under submission on

19   the papers on August 18, 2025.  (Doc. No. 12.)  For the reasons explained below, plaintiff's

20   motion to remand will be denied.

21                              **BACKGROUND**

22        On June 23, 2025, plaintiff Bryan Williams filed a complaint initiating this action in the

23   Sacramento County Superior Court against Sierra Donor Services ("defendant DCIDS"),[1]

24   individual defendants Sean Van Slyck, Robert Brown, Darren King, Cassidy Evans, and Does 1

25   through 50.  (Doc. No. 1-2 at ¶¶ 1–5.)  Plaintiff alleges the following in his complaint.

26

27   _____
     [1]  Defendant asserts that it was erroneously sued as Sierra Donor Services and that it is properly
     referred to as DCI Donor Services, Inc. ("DCIDS").  (Doc. No. 1 at 1.)  The Court will refer to
28   defendant by its asserted name.

                                          1

1    Plaintiff is a black U.S. Army Veteran over the age of 40 who has been diagnosed as
2    suffering from service-connected PTSD.  (*Id.* at ¶ 8.)  Plaintiff worked for defendant DCIDS for
3    seventeen years and consistently received positive job performance evaluations.  (*Id.* at ¶ 9.)
4    Around April 2024, plaintiff applied for a "Quality Administrative" position, for which he was
5    qualified.  Plaintiff was not granted an interview, and the position was awarded to a younger,
6    white female with less experience and education than plaintiff.  (*Id.* at ¶ 10.)  In May 2024,
7    plaintiff filed a complaint with the Equal Employment Opportunity Commission and received a
8    right to sue letter in September 2024.  (*Id.* at ¶ 12.)  In October 2024, plaintiff received his first
9    disciplinary write-up in connection with his employment.  (*Id.* at ¶ 13.)  In November 2024,
10   plaintiff received a negative job performance evaluation from defendant King for documentation
11   errors and absences.  (*Id.* at ¶ 14.)  In February 2025, plaintiff was placed on a performance
12   improvement plan at his place of employment.  (*Id.* at ¶ 15.)

13   Based on the above factual allegations, plaintiff asserts the following causes of action:
14   (1) race and age discrimination in violation of California Government Code § 12940(a);
15   (2) retaliation in violation of California Government Code § 12940(h); (3) failure to
16   accommodate disability in violation of California Government Code § 12940(m) and 42 U.S.C.
17   §12112; (4) subjugation to a hostile work environment in violation of California Government
18   Code § 12940(j); (5) whistleblower retaliation in violation of California Labor Code § 1102.5;
19   (6) interference with and retaliation for exercising rights pursuant to the California Family Rights
20   Act in violation of § 12945.2; (7) discrimination in violation of California Military and Veterans
21   Code § 394 and 38 U.S.C. § 4311; and (8) a reserved claim for constructive discharge.  (*Id.* at
22   ¶¶ 17–32.)

23   Defendant DCIDS removed the action to federal court on July 16, 2025, asserting this
24   court has jurisdiction under 28 U.S.C. §§ 1332(a), 1331, and 1367.  (Doc. No. 1 at ¶¶ 1–2.)
25   Plaintiff moved to remand the action on July 29, 2025.  (Doc. No. 9.)  Defendant DCIDS filed its
26   opposition to plaintiff's motion and a request for judicial notice on August 21, 2025.  (Doc. Nos.
27   13, 14.)  Plaintiff did not file a reply.
28   /////

1    **LEGAL STANDARD**

2          A suit filed in state court may be removed to federal court if the federal court would have

3    had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case

4    originally filed in state court presents a federal question or where there is diversity of citizenship

5    among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331,

6    1332(a).

7          "If at any time before final judgment it appears that the district court lacks subject matter

8    jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly

9    construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to

10   the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.

11   2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d

12   1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is

13   proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction

14   and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,

15   1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

16         "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not

17   be removed if any of the parties in interest properly joined and served as defendants is a citizen of

18   the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This provision is commonly

19   known as the "forum defendant rule." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 950 (9th Cir. 2024).

20   **DISCUSSION**

21         Defendant DCIDS removed the action to federal court, asserting this court has federal

22   question and diversity jurisdiction. (Doc. No. 1 at ¶¶ 1–2.) Plaintiff moved to remand the action,

23   arguing that his complaint does not assert a claim arising under federal law and there is not

24   complete diversity between the parties. (Doc. No. 9 at 4.) Plaintiff also requested attorney's fees

25   incurred as a result of the purported improper removal, pursuant to 28 U.S.C. § 1447(c). (Doc.

26   No. 9 at 8.) In opposition, defendant DCIDS argues that plaintiff asserts federal causes of action

27   under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and the Uniformed

28   Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311, and that

3

1  the remainder of plaintiff's claims fall within the court's supplemental jurisdiction, 29 U.S.C.

2  § 1367(a).  (Doc. No. 13 at 3–5.)  Defendant DCIDS also argues that there is complete diversity,

3  based on the properly named and served parties,[2] and that the amount in controversy exceeds

4  $75,000.  (*Id.* at 6.)  Finally, defendant DCIDS requests that the court take judicial notice of the

5  declaration of Joe Garavaglia filed in *Phillipp J. Mellon and Jadie Barringer III v. Sierra Donor*

6  *Services, et al.*, Case No. 2:25-cv-01998-TW-CKD.[3]  (Doc. No. 14 at 2–3.)  As noted, plaintiff

7  did not file a reply in support of the motion to remand.

8  **A.      Federal Question Jurisdiction**

9           Plaintiff argues that the complaint does not raise a federal question because the "fleeting"

10  references to the ADA and USERRA contextualize his state law claims and are not claims

11  themselves.  (Doc. No. 9 at 4–6.)  Plaintiff further argues that his claims do not necessarily raise a

12  disputed and substantial federal issue pursuant to *Grable & Sons Metal Products, Inc. v. Darue*

13  *Engineering & Manufacturing*, 545 U.S. 308 (2005), and that USERRA does not confer exclusive

14  jurisdiction.[4]  (*Id.*)  Defendant DCIDS disagrees with this characterization of plaintiff's complaint

15  and argues that plaintiff has clearly asserted federal claims under both the ADA and USERRA.

16  (Doc. No. 13 at 3–4.)

17  /////

---

[2]  Defendant DCIDS concedes that defendant Van Slyck and defendant King are California residents, but it argues that they do not destroy diversity because they were fraudulently joined and were not properly served at the time of removal.  (Doc. No. 13 at 6–10.)

[3]  Because the court need not consider the documents which defendant DCIDS requests the court take judicial notice of (Doc. No. 14) in denying plaintiff's motion to remand (Doc. No. 9), defendant DCIDS's request for judicial notice is denied as having been rendered moot.  *See Langer v. Music City Hotel LP*, No. 21-cv-04159-PJH, 2021 WL 5919825, at *5 (N.D. Cal. Dec. 15, 2021) ("The court does not consider this exhibit in deciding this motion, and it therefore denies as moot the request for judicial notice of the exhibit.").

[4]  Plaintiff argues that USERRA does not confer exclusive jurisdiction, then misquotes the decision in *Leisek v. Brightwood Corp.*, 278 F.3d 895 (9th Cir. 2002) for the proposition that federal and state courts have concurrent jurisdiction.  Plaintiff uses quotation marks, yet the purported quote does not appear in the opinion which also does not discuss federal question jurisdiction at all.  In any event, this court has jurisdiction over USERRA claims between private parties.  *See* 38 U.S.C. § 4323(b)(3); *see also Ziober v. BLB Res., Inc.*, 839 F.3d 814, 822 (9th Cir. 2016) (stating that § 4323 gives district courts jurisdiction over USERRA claims).

1    "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded

2    complaint rule,' which provides that federal jurisdiction exists only when a federal question is

3    presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*,

4    215 F.3d 1005, 1014 (9th Cir. 2000); *see also California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d

5    831, 838 (9th Cir.), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004).  Under the

6    well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement

7    of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of

8    defenses which it is thought the defendant may interpose."  *California*, 215 F.3d at 1014.

9        Plaintiff alleges in his third cause action that defendant Brown, acting on behalf of

10   defendant DCIDS, violated 42 U.S.C. § 12112.  (Doc. No. 1-2 at ¶ 21.)  Plaintiff alleges in his

11   seventh cause of action that defendant DCIDS failed to honor veteran-related protections in

12   violation of federal law, citing 38 U.S.C. § 4311.  (*Id.* at ¶ 29.)  Contrary to plaintiff's

13   characterizations, these are not fleeting references or mere characterizations of state law claims.

14   (Doc. No. 9 at 5–6.)  In both claims, plaintiff asserts a cause of action that is created by federal

15   law and, therefore, the court has jurisdiction over both claims.  *See Lakhan v. U.S. Sec. Assocs.,*

16   *Inc.*, No. 18-cv-9659-MWF-GJS, 2019 WL 175043, at *4 (C.D. Cal. Jan. 11, 2019) (declining to

17   remand a case where the plaintiff pled violations of "Government Code § 12490(m) and 42 USC

18   §§ 12111(8)(9) and 12112(a)" because federal law creates the cause of action); *Harp v. Starline*

19   *Tours of Hollywood, Inc.*, No. 2:14-cv-07704-CAS, 2014 WL 6750283, at *2–3 (C.D. Cal. Nov.

20   25, 2014) (declining to remand on the basis of federal question jurisdiction despite the plaintiff's

21   argument that her Fair Labor Standards Act federal claim was pleaded in the alternative and

22   ancillary to her state law claims); 38 U.S.C. § 4323(b)(3) (conferring jurisdiction to district courts

23   over USERRA claims brought against private employers by an individual).

24       The court need not determine whether plaintiff's complaint raises a substantial question of

25   federal law under *Grable & Sons Metal Products Inc.* because, unlike that case, plaintiff in this

26   action has asserted two claims that arise under federal law.  *See Lakhan*, 2019 WL 175043, at *4

27   (noting that when federal law creates the cause of action, the court need not address whether

28   /////

1    plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

2    law).

3    **B.    Supplemental Jurisdiction**

4           Defendant DCIDS also argues that the court has supplemental jurisdiction over plaintiff's

5    remaining claims because they derive from a common nucleus of fact.  (Doc. No. 13 at 5.)

6    Plaintiff does not address supplemental jurisdiction in his motion.  (Doc. No. 9.)

7           Federal courts have "supplemental jurisdiction over all other claims that are so related to

8    claims in the action within such original jurisdiction that they form part of the same case or

9    controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Plaintiff's

10   remaining claims arise from the same working conditions and relationship with defendants as

11   plaintiff's claims brought under the ADA and USERRA.  (*See* Doc. No. 1-2.)  The court therefore

12   finds that the claims derive from a "common nucleus of operative fact" and that this court has

13   supplemental jurisdiction over plaintiff's remaining claims.  *See Kuba v. 1–A Agric. Ass'n*, 387

14   F.3d 850, 855 (9th Cir. 2004) (exercising supplemental jurisdiction where the remaining claims

15   are "derive[d] from a common nucleus of operative fact" and "a plaintiff would ordinarily be

16   expected to try them in one judicial proceeding"); *Lakhan*, 2019 WL 145043, at *5 (exercising

17   supplemental jurisdiction when the plaintiff's ADA claim and state law claims arose from his

18   one-year employment with the defendant); *Clee v. Benson Indus., Inc.*, No. 2:24-cv-01529-DAD-

19   AC, 2024 WL 4462337, at *5 (E.D. Cal. Sept. 30, 2024) (exercising supplemental jurisdiction

20   when a preempted claim arose from the same employment relationship that other claims arose

21   from).

22          The court need not address the parties' arguments regarding diversity jurisdiction,

23   including those addressing fraudulent joinder and improper service of the remaining defendants,

24   because the court has jurisdiction over all of plaintiff's claims pursuant to §§ 1331 and 1367.

25          Finally, the court denies plaintiff's request for attorney's fees pursuant to § 1447(c)

26   because this action will not be remanded, and "absent unusual circumstances, attorney's fees

27   should not be awarded when the removing party has an objectively reasonable basis for removal."

28   *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

1

**CONCLUSION**

2      For the reasons set forth above,

3      1.    Plaintiff's motion to remand (Doc. No. 9) is DENIED;

4      2.    Defendant DCIDS's request for judicial notice (Doc. No. 14) is DENIED as

5           having been rendered moot;

6      3.    Plaintiff's request for attorneys' fees is DENIED; and

7      4.    The Initial Scheduling Conference is hereby RESET for January 26, 2026 at 1:30

8           PM in Courtroom 4 (DAD) before District Judge Dale A. Drozd by Zoom.  The

9           parties shall file a joint scheduling report by no later than January 12, 2026.

10     IT IS SO ORDERED.

11

Dated:   **November 24, 2025**                      *Dale A. Drozd*

12                                             DALE A. DROZD

13                                         UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28