UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN WILLIAMS,

Plaintiff,

v.

SIERRA DONOR SERVICES, et al.,

Defendants.

No. 2:25-cv-01996-DAD-CKD

ORDER DIRECTING THE FILING OF SUPPLEMENTAL BRIEFING

(Doc. No. 27)

On November 4, 2026, the parties filed a stipulation to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. No. 27.) Therein, the parties state that "[t]he effectiveness of this stipulation and dismissal is expressly conditioned upon the Court's entry of an order retaining jurisdiction as requested in Paragraph 3." (*Id.* at 2.) In paragraph 3, the parties jointly request that the court retain jurisdiction over this action in order to enforce the terms of their settlement agreement. (*Id.*) Typically, courts in their discretion decline to maintain jurisdiction to enforce the terms of settlement agreements unless the parties engaged in settlement discussions with the court or the assigned magistrate judge prior to settling. *See California Sportfishing Prot. All. v. Agric. Mgmt. & Prod. Co., Inc.*, No. 2:14-cv-02328-KJM-AC, 2016 WL 4796841, at *1 (E.D. Cal. Sept. 14, 2016) (retaining jurisdiction over settlement

/////

/////

agreement because the parties engaged in significant settlement discussions with the assigned magistrate judge).

Here, the parties have not engaged in any court supervised settlement conference. Moreover, the parties have not even provided the court with a copy of their settlement agreement. Finally, the court is concerned about retaining jurisdiction over this action even if satisfied that doing so would be otherwise appropriate, given the arguments advanced in defendants' pending motion to dismiss. (Doc. Nos. 22, 22-1.) In that regard, all of the individual defendants have argued that service of process was insufficient and the court consequently does not have jurisdiction over this action. (Doc. No. 22-1 at 10). In addition, defendants Brown and Cassidy have argued that the court lacks personal jurisdiction over them due to a lack of minimum contacts with California. (*Id.* at 15–18.) The court is therefore not inclined to retain jurisdiction over this action to enforce the terms of the settlement agreement unless the parties can adequately address these issues.

Accordingly, the parties are DIRECTED to file supplemental briefing addressing the following issues:

1. Why should the court retain jurisdiction given that it has not been involved in the parties' settlement discussions;
2. Provide the court with a copy of the settlement agreement;
3. Provide an explanation addressing why it is necessary and appropriate for the court to retain jurisdiction to enforce the terms of the parties' agreement under the circumstances of this case; and
4. Why would the court have jurisdiction to enforce the settlement agreement as requested given the jurisdictional arguments advanced in defendants' pending motion to dismiss (Doc. Nos. 22, 22-1).

The parties are directed to file a joint supplemental brief addressing these issues within fourteen (14) days from the date of this order. Alternatively, the parties may file an amended

/////

/////

stipulation to voluntarily dismiss this action without the provisions requiring the court to retain jurisdiction, and the court will promptly dismiss this action.

IT IS SO ORDERED.

Dated: **November 5, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE